**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RICKIE JAMES FLETCHER,** ) | |
|     **ID # 1035451,** ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:16-CV-0996-N (BH) |
| ) | |
| **LORI DAVIS,**[1] **Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation. Before the Court is the petitioner's *Application to Proceed In Forma Pauperis*, received on April 12, 2016 (doc. 4). Based on the relevant filings and applicable law, the application should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow an order of the court.

**I. BACKGROUND**

The petitioner, an inmate incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* (IFP) with a certificate of trust fund account statement (CTA) that were received on April 12, 2016. (*See* docs. 3, 4.) The CTA showed a balance of $7.35 as of the date of its preparation, but total deposits of $135.00 over the prior two months. The highest monthly account balance for March 2016 was $57.94. The first page of the form petition he submitted expressly gave him notice that he must pay the filing fee if he has access, or has had access, to enough funds. Based on this information, the Court issued an order on April 13, 2016, finding that the petitioner should be denied

---

[1] Lori Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

leave to proceed *in forma pauperis* (IFP), but giving him thirty days to pay the required $5.00 filing fee. (doc. 9.) The order warned that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his case be dismissed. (*Id.*)

On May 2, 2016, the petitioner filed a motion seeking to have prison officials ordered to pay the filing fee from his account. (*See* doc. 6.) The motion did not reflect that he had followed the prison's procedures for having the fee deducted from his account. (*Id.*) The motion was liberally construed as a request for an extension of time to pay the filing fee, and the petitioner was given another thirty days to pay the fee. (*See* doc. 7.) The order noted that the petitioner must follow the appropriate procedures at the prison to authorize it to forward the filing fee, and it again warned that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his case be dismissed. (*Id.*) More than thirty days have passed, but the petitioner has not paid the filing fee or otherwise responded to the second order to pay the fee.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

As noted, the petitioner's CTA showed total deposits of $135.00 over the prior two months,

2

and the highest monthly account balance for March 2016 was $57.94. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP motion should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was given 30 days to pay the filing fee, and he was specifically warned that failure to do so could result in dismissal of this action. He still has not paid the fee or otherwise responded to the order to pay the fee. Because he failed to comply with the order that he pay the $5 filing fee, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court.

### IV. RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner pays the filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 14th day of June, 2016.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE