# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| RICKIE JAMES FLETCHER, | ) | |
| ID # 1035451, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:16-CV-0996-N (BH) |
| | ) | |
| LORIE DAVIS, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

## I. BACKGROUND

Rickie James Fletcher (Petitioner) challenges his convictions for aggravated robbery and two aggravated assaults. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

On October 25, 2000, the State of Texas indicted Petitioner for aggravated robbery in Cause No. F00-54141, aggravated assault in Cause No. F00-54142, and aggravated assault in Cause No. F00-54143. (Docs. 17-8 at 4-5; 17-9 at 5-6; 17-10 at 4-5.)[1] He pleaded not guilty and was tried before a jury in the 363rd Judicial District Court of Dallas County, Texas. On April 6, 2001, the jury convicted him, and he was sentenced to 80 years' imprisonment in the aggravated robbery case and 90 years' imprisonment in each of the aggravated assault cases. (Docs. 17-8 at 18; 17-9 at 59; 17-10 at 53.) The judgments were affirmed on appeal on April 8, 2003. *Fletcher v. State*, Nos. 05-01-

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

00650-CR, 05-01-00651-CR, 05-01-00652-CR, 2003 WL 1818125 (Tex. App. – Dallas Apr. 8, 2003). Petitioner did not file petitions for discretionary review. *See* www.txcourts.gov (search for Petitioner).

Petitioner's first set of state habeas applications were signed on April 6, 2004, and received by the state court on January 10, 2005. (Docs. 17-23 at 6, 14; 17-24 at 6, 14; 17-25 at 6, 14.) They were denied without written order on the findings of the trial court without a hearing on January 11, 2006. (Docs. 17-23 at 2; 17-24 at 2; 17-25 at 2); *see Ex parte Fletcher*, WR-63,163-01, WR-63,163-02, WR-63,163-03 (Tex. Crim. App. Jan. 11, 2006). His second set of state habeas applications were signed August 30, 2010, and they were dismissed as successive on January 18, 2012. (Docs. 17-28 at 2, 16; 17-30 at 2, 16; 17-32 at 2, 16); *see Ex parte Fletcher*, WR-63,163-05, WR-63,163-06, WR-63,163-07 (Tex. Crim. App. Jan. 18, 2012).

Petitioner's federal petition raises the following grounds:

1. There was newly discovered evidence at the "finding stage" that violated his constitutional rights, because the state court appointed his appellate counsel to conduct the court's habeas findings and conclusions;

2. The state habeas court erred in appointing Petitioner's appellate counsel to resolve the habeas petition;

3. The state habeas court failed to correct the error of appointing Petitioner's appellate counsel to resolve the habeas petition;

4. He was incompetent to enter a plea and be tried.

(*See* doc. 3 at 6-7.) Respondent filed a response on September 15, 2016. (*See* doc. 18.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

## A.    Calculation of One-Year Period

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's fourth claim regarding his competency at trial became known or could have become known prior to the date his judgments became final.[2] He did not file a petition for discretionary review with the Court of Criminal Appeals. His state convictions therefore became final for purposes of § 2244(d) by the expiration of the thirty-day period for filing

---

[2] Petitioner has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right. The newly discovered evidence alleged in his first ground appears to refer to the appointment of his state appellate counsel to resolve the state habeas applications. He does not appear to allege that there was newly discovered evidence regarding his competency claim in ground four. To the extent he alleges that the school records attached to his federal petition in support of his competency claim are newly discovered evidence, he has not shown that they could not have been discovered before his judgments became final, so Section 2244(d)(1)(D) does not apply.

a petition for discretionary review after his convictions were affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on April 8, 2003. The thirtieth day after that was May 8, 2003. He had until May 8, 2004, to file his federal habeas petition regarding his competency claim, absent any tolling of the statute of limitations.

As for Petitioner's first three claims regarding the state habeas process, the factual predicate became known or could have become known during the pendency of his first set of state habeas applications that were denied on January 11, 2006. Because the limitations period was statutorily tolled during the pendency of those state habeas applications, *see* 28 U.S.C. § 2244(d)(2), he had until January 11, 2006, to file his federal habeas petition regarding his state habeas process claims, absent any additional tolling of the statute of limitations.

**B.** **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first set of state habeas applications were signed and deemed mailed on April 6, 2004. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). For the competency claim, the limitations period was tolled for 646 days while those applications were pending, so the § 2254 petition was due no later than February 13, 2006. Petitioner's second set of state habeas applications were filed on August 30, 2010, but they did not toll the limitations periods for any of his claims,

because they had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on April 7, 2016, the date that it was mailed.[2] It is therefore untimely.

## C.    Equitable Tolling

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations. His competency claim is untimely.

## IV. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 6th day of November, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE